UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| DAVID DONALD WEBSTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. Action No. 15-0127 (RMC) |
| | ) | |
| UNITED STATES PATENT AND | ) | |
| TRADEMARK OFFICE *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

On September 8, 2014, plaintiff David Donald Webster filed a motion in the U.S. Court of Appeals for the Ninth Circuit, purportedly appealing a decision of the U.S. Equal Employment Opportunity Commission ("EEOC"). The Ninth Circuit construed Mr. Webster's motion as an attempt to file a civil action under 42 U.S.C. § 2000e (Title VII) against his former employer, the U.S. Patent and Trademark Office ("PTO"), and transferred it here. This Court permitted Mr. Webster to file the operative Complaint [Dkt. 11].

Pending is Defendants' Motion to Dismiss or for Summary Judgment [Dkt. 18].[1] Defendants contend that this action is untimely. They also assert that Mr. Webster has failed to state a claim upon which relief may be granted and that he was fired for legitimate, non-discriminatory reasons related to his poor work performance. The Court agrees that this action is

---

[1] In addition to the Patent and Trademark Office and parent agency Department of Commerce, Mr. Webster has named two former supervisors, Patrick Nolan and Gladys Corcoran. A supervisory employee "may be joined as a party defendant in a Title VII action" but only "as the agent of the employer, who is alone liable for a violation of Title VII." *Gary v. Long*, 59 F.3d 1391, 1399 (D.C. Cir. 1995). Accordingly, any claim against Mr. Nolan and Ms. Corcoran in their personal capacity is hereby dismissed as a matter of law.

1

untimely, and it finds no support for equitable tolling. Accordingly, Defendants' motion will be granted solely on the untimeliness ground.

## I. BACKGROUND

On October 27, 2008, PTO hired Mr. Webster as a GS 12 Patent Examiner. Mr. Webster was hired as part of the Federal Career Intern Program. His continued employment depended on his successful completion of a two-year probationary period. Mr. Webster first participated in a training program at the Patent Academy. In April 2009, he was assigned to the Art Unit. Mr. Webster was fired on August 13, 2009, for alleged subpar work performance.

On September 24, 2009, Mr. Webster filed an EEO complaint, alleging discrimination based on his age and disability, retaliation for his prior EEO activity, and a hostile work environment. The Agency finally denied Mr. Webster's complaint on August 10, 2012, and he filed an appeal with the EEOC on September 23, 2012. On March 15, 2013, the EEOC denied Mr. Webster's appeal as untimely filed. On March 14, 2014, the EEOC denied Mr. Webster's request for reconsideration. Its "Denial" contained a section captioned: "Complainant's Right to File a Civil Action," which stated:

> This decision of the Commission is final, and there is no further right of administrative appeal from the Commission's decision. <u>You have the right to file a civil action in an appropriate United States District Court within ninety (90) calendar days from the date that you receive this decision.</u> If you file a civil action, you must name as the defendant in the complaint the person who is the official Agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work.

Gov't's Ex. 2 [Dkt. 18-2, ECF p. 20] (emphasis added). Nearly six months later, on September 8, 2014, the Ninth Circuit received Mr. Webster's "Motion for Writ of Corbis [sic] Nobis and

Extension of Time to File Appeal With U.S. District Federal Ninth Court" [Dkt. 1-1, ECF p. 4], which is the initiating pleading that was transferred to this Court.

## II. LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim challenges the adequacy of a complaint on its face. A complaint must be sufficient "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation and internal quotation marks omitted). In deciding a motion under Rule 12(b)(6), a court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits or incorporated by reference, and public matters about which the court may take judicial notice. *Abhe & Svoboda, Inc. v. Chao*, 508 F.3d 1052, 1059 (D.C. Cir. 2007). Public matters include the records of other courts, *see Rogers v. District of Columbia*, 880 F. Supp. 2d 163, 166 (D.D.C. 2012) (citing cases), and those of administrative proceedings, *see Hourani v. Psybersolutions LLC*, No. 15-933, 2016 WL 659669, at *4 (D.D.C. Feb. 18, 2016).

## III. ANALYSIS

Following the exhaustion of administrative remedies, a federal employee may bring a timely civil action by filing suit with a federal district court within 90 days of final administrative action. *See Price v. Greenspan*, 374 F. Supp. 2d 177, 184 (D.D.C. 2005), *aff'd*, *Price v. Bernanke*, 470 F.3d 384 (D.C. Cir. 2006); *accord* 42 U.S.C. § 2000e-16(c) (federal employees must file a civil action within ninety days after "receipt of notice of final action"). Courts apply the ninety-day time limit strictly and will dismiss a suit for missing the deadline by even one day because it constitutes a waiver of sovereign immunity. *McAlister v. Potter*, 733 F. Supp. 2d 134, 142 (D.D.C. 2010) (examining cases). Nonetheless, the ninety-day time period is not jurisdictional—it functions as a statute of limitations and is subject to waiver, estoppel, and

equitable tolling. *See Mondy v. Sec. of the Army*, 845 F.2d 1051, 1054, 1057 (D.C. Cir. 1988). Tolling applies only in "extraordinary and carefully circumscribed instances." *Id*. At 1057. Courts may allow tolling where:

> a claimant has received inadequate notice, . . . where a motion for appointment of counsel is pending and equity would justify tolling the statutory period until the motion is acted upon, . . . where the court has led the plaintiff to believe that [he] had done everything required of [him], . . . [or] where affirmative misconduct on the part of a defendant lulled the plaintiff into inaction.

*Id*. (quoting *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 151 (1984)). Courts are not forgiving where late filings are simply due to a plaintiff's failure to exercise due diligence. *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990). In other words, to warrant equitable tolling, a plaintiff must have exercised due diligence and his excuse for the delayed filing must reflect "more than a garden variety claim of excusable neglect." *Battle v. Rubin*, 121 F. Supp. 2d 4, 8 (D.D.C. 2000) (citation and internal quotation marks omitted). The burden of pleading and proving any excuse for failure to meet the ninety-day filing limit falls wholly upon the plaintiff. *Saltz v. Lehman*, 672 F.2d 207, 209 (D.C. Cir. 1982).

Mr. Webster simply failed to follow the advisements set out prominently in the right-to-sue portion of the EEOC's final decision. "Even presuming a generous five days for mail delivery and receipt," *McAlister*, 733 F. Supp. 2d at 143, Mr. Webster had until June 17, 2014, to file a civil action. Not only did Mr. Webster fail to file a timely action, he failed to file any action in the district court as so advised. Mr. Webster has not offered a cogent explanation for his inaction, let alone one "demonstrating that equity demands that [his] late filing be

forgiven." *Id*. at 144.  Therefore, this Title VII action must be dismissed.  A memorializing Order accompanies this Memorandum Opinion.



Date:   September 15, 2016  _____/s/_____
ROSEMARY M. COLLYER
United States District Judge